**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SUSAN McKENNEY,**

                                        **Plaintiff,**                    **07-CV-0584A(Sr)**

**v.**

**NATIONAL RURAL LETTER**
**CARRIERS ASSOCIATION, et al.,**

                                        **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

             This case was referred to the undersigned by the Hon. Richard J. Arcara,

pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon

dispositive motions.  Dkt. #6.


             Currently before the Court are the following motions: (1) defendant

National Rural Letter Carriers Association's motion to dismiss the complaint (Dkt. #4)

pursuant to Fed.R.Civ.P. 12(b)(6); and (2) defendant United of Omaha's motion to

dismiss the complaint (Dkt. #5) pursuant to Fed.R.Civ.P. 12(b)(2) and (5).  For the

following reasons, it is recommended that defendants' motions to dismiss be denied

without prejudice.


## FACTUAL BACKGROUND

             Burr McKenney was a member of the National Rural Letter Carriers

Association ("NRLCA") and participated in a group life insurance plan maintained by the

NRLCA.  Dkt. #1-2, ¶ 12, Dkt. #4-3, ¶ 7; Dkt. #10, p.19.  United of Omaha Life

Insurance Company ("United") issued a group life insurance policy, policy number

GLUG-1R84, to the NRLCA.  Dkt. #1-2, ¶ 12; Dkt. #4-3, ¶ 7.  As a participant in the

group life insurance plan, Burr McKenney selected $200,000 in life insurance coverage.

*Id*.  Plaintiff was the sole beneficiary of the life insurance policy.  Dkt. #1-2, ¶ 13.  The

policy provided, among other things, that United would pay plaintiff, as the sole

beneficiary, $200,000 upon Burr McKenney's death.  *Id*. at ¶ 14.  Burr McKenney died

on November 20, 2005.  *Id*. at ¶ 15.  Plaintiff alleges that at the time of Burr

McKenney's death, the policy was in full force and effect.  *Id*. at ¶ 16.  Plaintiff further

alleges that United "has failed and refused to pay plaintiff the $200,000 death benefit

under the Policy" in breach of its contract with Burr McKenney.  *Id*. at ¶ 17.  If, however,

it is determined that the policy was not in full force and effect at the time of Burr

McKenney's death, plaintiff claims that "such a condition came about solely by virtue of

NRLCA's negligence and/or breach of its fiduciary duties."  Dkt. #1-2, ¶¶ 19-30.

Accordingly, plaintiff alleges that if United is not liable to plaintiff for $200,000, then

NRLCA is liable to plaintiff for $200,000.  *Id*.


              Plaintiff has been appointed the legal representative of the estate of her

late husband, Burr McKenney.  Dkt. #1-2, ¶ 2.  On or about August 8, 2007, plaintiff

commenced an action in New York State Supreme Court, Erie County against NRLCA

for negligence and breach of fiduciary duty and against United for breach of contract.

Dkt. #1-2.  The complaint alleges that United is a life insurance company that provides

life insurance and other products to residents of the State of New York.  Dkt. #1-2, ¶ 5.

Moreover, plaintiff asserts that jurisdiction over United "is asserted under New York Civil

Practice Law and Rules § 302."  *Id*. at ¶ 6.  Plaintiff further asserts, "[s]pecifically, upon

information and belief, United transacts business within the State of New York and

contracts to supply life insurance to residents of the State of New York."  *Id*.  On

September 7, 2007, defendants removed the action to the United States District Court,

Western District of New York because, according to defendants, the claims raised by

plaintiff are pre-empted by the Employee Retirement Income Security Act ("ERISA").

29 U.S.C. § 1002.  Plaintiff did not seek to have this case remanded to New York State

Supreme Court, Erie County.  Thereafter, defendants separately filed motions to

dismiss the complaint.  Dkt. ## 4 and 5.

NRLCA has moved to dismiss the complaint pursuant to Fed.R.Civ.P.

12(b)(6) on the basis that the complaint fails to state a claim against it.  Specifically,

NRLCA argues that plaintiff's claims for negligence and breach of fiduciary duty under

New York State law are pre-empted by ERISA.  Dkt. #4.  By its motion to dismiss,

United claims that plaintiff's complaint must be dismissed pursuant to Fed.R.Civ.P.

12(b)(2) and (5) for defective service and lack of personal jurisdiction.  Dkt. #5.  In the

alternative, United seeks an Order relieving it of the requirement under New York

Insurance Law § 1213(c) to post a bond or other collateral to secure a judgment as a

pre-condition to serving an answer.  *Id*.

## DISCUSSION AND ANALYSIS

**Dismissal Standard**

The United States Supreme Court recently revisited the standard of review on a motion to dismiss and concluded that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 167 L.Ed.2d 929, 940 (2007) (internal citations omitted). In setting forth this standard, the Supreme Court disavowed an often quoted statement from its decision in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 943, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court explained that

> This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings; and the Court of Appeals [for the Second Circuit] appears to have read *Conley* in some such way when formulating its understanding of the proper pleading standard ...

*Id.* at 943. The Supreme Court decried that

> On such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive

> a motion to dismiss whenever the pleadings left open the
> possibility that a plaintiff might later establish some "set of
> [undisclosed] facts" to support recovery.  So here, the Court
> of Appeals specifically found the prospect of unearthing
> direct evidence of conspiracy sufficient to preclude
> dismissal, even though the complaint does not set forth a
> single fact in a context that suggests an agreement.  It
> seems fair to say that this approach to pleading would
> dispense with any showing of a "'reasonably founded hope'"
> that a plaintiff would be able to make a case ...

*Id.* at 944 (internal citations omitted).  The Supreme Court then limited *Conley* to

describing "the breadth of opportunity to prove what an adequate complaint claims, not

the minimum standard of adequate pleading to govern a complaint's survival."  *Id.* at

945.  The Supreme Court reiterated that it did "not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on it face."  *Id.*

at 949.


The Court of Appeals for the Second Circuit recognized that *Bell Atlantic*

*Corp. v. Twombly* has created "[c]onsiderable uncertainty concerning the standard for

assessing the adequacy of pleadings."  *Iqbal v. Hasty*, 490 F.3d 143, 155

(2d Cir. 2007).  "After careful consideration" of that decision, the Court of Appeals has

concluded that "the Court is not requiring a universal standard of heightened fact

pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a

pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim plausible."  *Id.* at 157-58.

**Evidentiary Standard**

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied*, 410 U.S. 944 (1973). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). "If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." *Olin Corp. v. E.I. Dupont De*

*Nemours and Corp.*, No. 05-CV-100S(Sc), 2006 WL 839415 (W.D.N.Y. March 27, 2006).


**NRLCA's Motion to Dismiss**

        As noted above, defendants removed this case to this Court asserting that by reason of ERISA, the United States District Court, Western District of New York has exclusive jurisdiction over plaintiff's claims.  Dkt. #1.  In support of its motion to dismiss plaintiff's claims for negligence and breach of fiduciary duty on the grounds that such claims are not available to plaintiff under ERISA, NRLCA offers only the conclusory statement that "[t]his Plan is an employee welfare benefit plan under ERISA."  Notably, plaintiff did not commence this action pursuant to ERISA and plaintiff does not concede that the causes of action in the complaint are pre-empted by ERISA.  Plaintiff does not dispute, however, that pursuant to ERISA, subject to certain enumerated exceptions or if a plan has been granted "safe harbor," claims relating to an employee benefit plan which are established or maintained by (1) any employer engaged in commerce or in any industry affecting commerce or (2) any employee organization representing employees engaged in commerce or in any industry affecting commerce or (3) both, are ordinarily governed by ERISA.  Dkt. #13.


        In opposition to NRLCA's motion to dismiss, plaintiff contends that whether an ERISA plan exists is "a question of fact to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Roberts v. AIG Global Investment Corp.*, Case No. 06 Civ. 5966 (GEL), 2008 WL

-7-

4444004, *7 (S.D.N.Y. Sept. 30, 2008), *citing Tambash v. St. Bonaventure Univ.*, No. 99 Civ. 967, 2004 WL 2191566, *4 n.3 (W.D.N.Y. Sept. 24, 2004) and *Wickman v. Northwestern Nat'l Inc. Co.*, 908 F.2d 1077, 1082 (1st Cir. 1990).  Specifically, plaintiff argues that NRLCA's motion to dismiss is premature and that limited discovery needs to be conducted to determine "(i) whether the United States Postal Service (the decedent's employer) established or maintained the employee benefit plan at issue in this case, and (ii) whether said employee benefit plan falls within the 'safe harbor' guidelines set forth by the Department of Labor." Dkt. #13, p.2.  Thus, according to plaintiff, because it is premature for the Court to determine whether the employee benefit plan is governed by ERISA, it is equally premature for this Court to determine the viability of plaintiff's causes of action against NRLCA in the United States District Court, Western District of New York.

Based upon the limited record before this Court, this Court agrees with plaintiff that limited discovery must take place before this Court can decide whether the employee benefit plan at issue here is governed by ERISA and whether plaintiff's claims are pre-empted by ERISA.  Accordingly, this Court recommends that defendant NRLCA's motion to dismiss be denied without prejudice as premature.

**United's Motion to Dismiss**

United seeks dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(2) and (5) for defective service and lack of personal jurisdiction.  Dkt. #5.  The complaint alleges that United is a life insurance company that provides life insurance and other products to residents of the State of New York.  Dkt. #1-2, ¶ 5.  Moreover, plaintiff asserts that jurisdiction over United "is asserted under New York Civil Practice Law and Rules § 302" and further that, "United transacts business within the State of New York and contracts to supply life insurance to residents of the State of New York."  *Id*. at ¶ 6. Plaintiff also relies upon New York Insurance Law § 1213 which addresses the transaction of insurance business in New York by unauthorized insurers and service of process upon such insurers.  Dkt. #5-4, p.2.

In support of its motion to dismiss, United asserts that it is neither licensed nor authorized to transact insurance business in New York.  Dkt. #5-4, p.3.  Indeed, United maintains that it has a wholly-owned subsidiary, Companion Life Insurance Company, which is incorporated in New York and licensed and authorized in New York for the purposes of transacting insurance business in New York.  *Id*.  New York C.P.L.R. § 302(a) provides in pertinent part,

> (a) Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent; (1) transacts any business within the state; ...

New York C.P.L.R. § 302 (McKinney 2001).  New York Insurance Law provides

additional guidance with respect to the exercise of long-arm jurisdiction over

unauthorized insurers.  New York Insurance Law § 1213(a) provides in part,

> (a) The purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts.
>
> * * *
>
> In furtherance of such state interest, the legislature herein provides a method of substituted service of process upon such insurers and declares that in so doing it exercises its power to protect its residents and to define, for the purpose of this section, what constitutes doing business in this state...

New York Insurance Law § 1213(a) (McKinney 2000).  New York Insurance Law §

1213(b)(1) enumerates certain acts which are equivalent to and constitute the

appointment of the superintendent of insurance upon whom process may be served.

Section 1213(b)(1) provides, in part,

> (b)(1) Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer:
>
> (A) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein,
>
> (B) the solicitation of applications for such contracts,
>
> (C) the collection of premiums, membership fees, assessments or other considerations for such contracts, or
>
> (D) any other transaction of business,
>
> is equivalent to and constitutes its appointment of the superintendent, and his successors in office, to be its true and lawful attorney upon whom may be served all lawful process in any proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of

insurance, and shall signify its agreement that such service
of process is of the same legal force and validity as personal
service of process in this state upon such insurer.

New York Insurance Law § 1213(b)(1) (McKinney 2000).

As a threshold matter, United argues that it has not and does not transact

any insurance business within the State of New York.  Dkt. #5-4, p.5.  Moreover, United

maintains that it has a duly licensed, New York-based subsidiary established for the

purpose of transacting business in New York, therefore, United has no need to transact

business in New York.  *Id*.  With respect to section 1213 of the New York Insurance

Law, United asserts that it does not engage in any of the acts enumerated in section

1213(b)(1).  *Id*.  Indeed, United states that: (1) the group life insurance policy at issue

was solicited and issued to the NRLCA, a Virginia-based association, in Virginia; (2) the

certificates for enrolled members of the NRLCA were delivered to the NRLCA in

Virginia; (3) the group life insurance policy was administered by the NRLCA; and, (4)

the NRLCA collected the premiums from the enrolled members, including New York

residents.  *Id*.  Accordingly, United argues that it did not perform any of the enumerated

acts set forth in section 1213 and that in the absence of any act to trigger section 1213,

section 1213 is inapplicable.  *Id*.

In opposition to United's motion to dismiss, plaintiff claims that United

waived an objection with respect to service of the complaint.  Specifically, plaintiff relies

on an August 31, 2007 letter from plaintiff's counsel to United's counsel stating that

plaintiff's counsel "agreed to give United of Omaha Life Insurance Company a two week

extension to answer the complaint filed against it on the condition that United of Omaha waive any objection to service." Dkt. #10, Exhibit C; Dkt. #11, p.5.  Notwithstanding the fact that United had requested an extension of time and plaintiff was willing to agree to such an extension of time, subject to a condition, United never accepted the offer of an extension subject to the condition that it waive any objection of service.  Indeed, the record before this Court unmistakably reveals that United timely filed its Notice of Removal on September 7, 2007.  Dkt. #1.  Thus, the argument that United waived any objection to service is without factual or legal merit.

Additionally, in its memorandum of law in opposition to United's motion to dismiss, plaintiff maintains that United had sufficient minimum contacts with New York to subject itself to New York's jurisdiction.  Dkt. #11.  Specifically, plaintiff argues that the minimum contacts were satisfied when United contracted to provide the decedent with a $200,000 life insurance policy that was made available to New York residents. Dkt. #11, p.7.  In further opposition to United's motion to dismiss, plaintiff argued during oral argument that certain limited discovery must take place to determine what actions were taken by United or on behalf of United that may subject it to New York's jurisdiction.  Specifically, the limited discovery will seek to clarify what solicitations with respect to insurance contracts may have occurred, where those solicitations, if any, may have occurred and whether the NRLCA was acting as an agent for United with respect to such solicitations and the collection of premiums.

Based on the record before this Court, plaintiff's argument that United waived its objection to service of the complaint is without factual or legal merit.  With respect to United's arguments that the complaint was not properly served pursuant to New York Insurance Law § 1213 and whether there is personal jurisdiction over United in New York pursuant to New York C.P.L.R. § 302 and New York Insurance Law § 1213 are questions of fact that cannot be decided without the benefit of limited discovery. Accordingly, this Court recommends that United's motion to dismiss the complaint be denied without prejudice as premature.  Because this Court has recommended that United's motion to dismiss be denied as premature, this Court further recommends that a determination with respect to whether the bond or collateral requirements set forth in section 1213(c)(1) of New York's Insurance Law should apply would also be premature insofar as reliance on the requirements in section 1213(c)(1) presupposes that United is an unauthorized insurer transacting or having transacted an insurance business in New York.

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that defendant NRLCA's motion (Dkt. #4), to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) be **DENIED** without prejudice and defendant United's motion (Dkt. #5) to dismiss the complaint pursuant to Fed R.Civ. P. 12(b)(2) and (5) be **DENIED** without prejudice.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of

-14-

Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report,

Recommendation and Order), may result in the District Judge's refusal to consider the

objection.


The Clerk is hereby directed to send a copy of this Order and a copy of

the Report and Recommendation to counsel for the parties.


**SO ORDERED.**


DATED:        Buffalo, New York
              March 12, 2009


                              s/ H. Kenneth Schroeder, Jr.
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**